UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SECURITY LIFE INSURANCE COMPANY
OF AMERICA,

        Plaintiff,

v.                                    **ORDER**
                                    Civil File No. 11-1358 (MJD/JJK)

SOUTHWEST REINSURE, INC., et al.,

        Defendants.

---

Daniel L. Grimsud, John T. Sullivan, and Sarah E. Crippen, Best & Flanagan LLP, Counsel for Plaintiff.

David M. Schlecker, Paul Walker-Bright, Reed Smith LLP, and Terrence W. Moore, Hellmuth & Johnson, PLLC, counsel for Defendant Southwest Reinsure, Inc.

---

      This matter is before the Court on the Stipulated Motion for Order Confirming Arbitration Awards [Docket No. 106] brought by Plaintiff Security Life Insurance Company of America and Defendants Southwest Reinsure, Inc., James B. Smith, Ideal Insurance Company, Ltd., and Libre Insurance Company, Ltd., through their counsel of record.

The Court will confirm an arbitration award except under the following narrow circumstances:

(1) Where the award was procured by corruption, fraud or undue means.

(2) Where there was evident partiality or corruption in the arbitrators, or either of them.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a); <u>Gedatus v. RBC Dain Rauscher, Inc.</u>, No. CIV 07-1750, 2008 WL 216297, at *1 (D. Minn. Jan. 23, 2008) (Davis, C.J.). The parties agree that there is no basis for the Court to vacate, modify or correct the Arbitration Awards.

Accordingly, based upon the files, records, and proceedings in this matter,

**IT IS ORDERED:**

1. That the Stipulated Motion to Confirm Arbitration Awards is **GRANTED.**

2. The parties are to bear their own costs.

3. Any party that seeks to enforce judgment against another party in any court is relieved of all obligations to keep confidential the Interim Final Arbitration Award dated December 13, 2014, and the Second Interim Final Arbitration Award dated January 28, 2015, and may publicly file either award when seeking to enforce judgment.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 11, 2015      s/ Michael J. Davis
                         Michael J. Davis
                         Chief Judge
                         United States District Court